Springer, C. J.,
dissenting:
I believe that the trial court was correct in dismissing the libel claim. Mr. Miller’s libel case is based entirely on one sentence that appeared in a campaign flier published by Respondent Jones. The sentence reads:
*1302 A police detective accuses Miller of giving false information in a report concerning cocaine found in a car Miller was driving.
The only part of the sentence that Appellant Miller claims to be libelous is the part stating that cocaine was found in a car Mr. Miller was driving. Mr. Miller claims that the sentence in question makes it appear, erroneously, that he was driving a car that had cocaine in it. In his brief, Mr. Miller argues that the sentence properly should have read “that cocaine was found in a car which Miller had driven” rather than as a car that Mr. Miller was driving. Mr. Miller tells us in his brief that if he were permitted to go to trial, he would bring in an expert witness to testify as to the “less than subtle difference between the use of the present tense and past tense of the verb ‘drive.’ ” There is, however, no necessity for expert testimony on the point; Ms. Jones readily concedes that use of the imperfect tense, “was driving,” could, indeed, if taken out of context, have created the false impression that Mr. Miller was driving at the time cocaine was in the car.
As pointed out in the majority opinion, when Ms. Jones was advised by Mr. Miller of the possible consequences of her using the term “was driving” instead of “had driven,” Ms. Jones responded to Mr. Miller’s plaint and advised him that although the “was driving” “could be misconstrued,” she “did not, and does not intend to imply” that cocaine was present in a car “at a time when the Councilman [Miller] was driving.” Ms. Jones offered to make her clarification public and extended her apology for any “misunderstanding.”
As Ms. Jones readily conceded, if the expression is taken to mean that Mr. Miller was driving at the time the cocaine was found in his car, then such an assertion is false. It does not appear to me, however, that it is materially false for it really does not matter whether Mr. Miller “had driven” the car or “was driving” the car prior to the time that the “white substance” that was thought by some to be cocaine was discovered during inspection of his car at a body repair shop. The district court was correct, then, in concluding that Ms. Jones’ use of the words was driving did not comprise a false statement of material fact.
The manner in which the substance was “found” in Mr. Miller’s car is very clearly set out in the political flier. It was found, by chance, while the car was in a body repair shop. Ms. Jones understood, and anyone reading the flier understood, that the substance was found in the shop and not at the time that Mr. Miller “was driving” his car. No one was driving the car “at the time” the cocaine was found. As I see it (and as the trial court saw it), it simply does not matter whether Ms. Jones said that Mr. Miller had been driving or was driving his car when the substance *1303 was “found” in the car while it was in the repair shop. As a matter of law, there was no false statement of a material fact.
The news story in which the subject sentence appeared described the “apparent discovery of cocaine in a 1977 Porsche [Mr. Miller] had bought for a family member,” and told that the discovery had been made while the car was being worked on in an auto body shop. An investigating officer is quoted in the article as saying: “There was absolutely no evidence to suggest that Miller or any member of his family had first-hand knowledge about the suspected cocaine found in the Porsche.” Under these circumstances, again I say that it does not matter whether Ms. Jones said that Mr. Miller “was driving” or “had been driving.” It does not matter what form of the past tense was used, the portion of the political flier in question makes it clear that Mr. Miller was not driving the car at the time the supposed discovery of contraband was made by a third person. This is exactly what Ms. Jones explained in her letter of correction.
What this case is all about, then, is two words: “was driving.” To me, these words, in the context that they were written, are not, strictly speaking, false (He was driving his car at a time before the substance was discovered in the repair shop.); and certainly the words are not materially false.
In my opinion, the words are not defamatory. Mr. Miller claims that Ms. Jones’ use of the words, “was driving,” defamed him by portraying him as a “drug abuser, drug courier, crook, or some other type of degenerate.” I do not think that any reasonable person would draw the inference suggested by Mr. Miller; and, the trial court was correct in finding that “was driving” is not defamatory as Ms. Jones used the term.
Even if these two words were to be seen as being materially false and defamatory, it is extremely difficult to find any malice in this case. Immediately upon being requested to do so, Ms. Jones made a public correction and apologized for any “misunderstanding.” I recognize that the correction does not, of itself, absolve Ms. Jones from tort liability; but, I do believe that the correction and apology are part of an overall picture which, taken as a whole, would justify a trial court in concluding, as a matter of law, that Ms. Jones was not acting out of malice.
I do not want to disturb the findings and reasoning of the district court. The trial court correctly concluded that there were no undisputed facts to be tried, that Ms. Jones was entitled to judgment as a matter of law and'that Mr. Miller’s complaint “was brought without reasonable grounds.” I see this as a “non-case” and see the trial court’s judgment in favor of Ms. Jones as being totally appropriate and correct. I would affirm the judgment of the trial court.